# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3557

_____

United States of America

*Plaintiff - Appellee*

v.

Dustin Nathaniel Wertz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: July 22, 2014
Filed: August 19, 2014
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Dustin Wertz appeals the 135-month prison sentence the district court[1] imposed after he pleaded guilty to a drug offense. On appeal, his counsel has moved to

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the sentence is excessive and unreasonable. In a letter to this court, Wertz requests new counsel.

The written plea agreement in this case contains an appeal waiver, which we will enforce. *See United States v. Azure*, 571 F.3d 769, 772 (8th Cir. 2009) (de novo review of enforceability of appeal waiver). Our review of the record convinces us that Wertz entered into the plea agreement and the appeal waiver knowingly and voluntarily. This appeal also falls within the appeal waiver's scope, and we conclude that no miscarriage of justice would result from enforcing the waiver. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result). Having reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we find no non-frivolous issues outside the scope of the waiver. Accordingly, we dismiss the appeal.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____